IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DENISE GERMANOWSKI, et al.<br><br>                                  Plaintiffs.<br><br>v.<br><br>SPORT AND HEALTH, INC.<br><br>                                  Defendant. | Civil Action Number 3:05CV47 |

## ORDER

THIS MATTER comes before the Court on Defendant Sport and Health, Inc.'s ("S&H") Motion to Dismiss. On February 15, 2005, Plaintiffs Denise Germanowski, Laura Christopher-Woodard, and April Hodge filed a *pro se* Complaint alleging that Defendant committed acts in violation of Title VII of the Civil Rights Act of 1964, § 704, as amended, 42 U.S.C. § 2000e-3. Specifically, Plaintiffs allege that Defendant retaliated against them because they filed a sexual harassment complaint against one of Defendant's employees. On April 11, 2005, Defendant filed a motion to dismiss Plaintiffs' Complaint on three grounds. A hearing was held in this matter on May 19, 2005.

Ground One of Defendant's motion alleges that Plaintiffs' claims for sexual harassment, constructive discharge, and demotion[1] should be dismissed because they each failed to file a complaint with the district court within the ninety (90) day right-to-sue notice period contained in their respective letters of determination issued by the Equal Employment Opportunity Commission.

---

[1] The claim for demotion applies solely to Ms. Germanowski.

See 42 U.S.C. § 2000e-5(f)(1). Plaintiffs have not brought claims for these causes of action within the required ninety (90) day period. To the extent that the Complaint attempts to allege a separate cause of action for sexual harassment, constructive discharge, or demotion, the Court finds that these claims are time barred. Accordingly, Defendant's motion is GRANTED as to this ground.

Grounds Two and Three of Defendant's motion allege that Plaintiffs failed to plead a *prima facie* case for their respective retaliation claims and that Plaintiffs' requests for back pay as damages are invalid in the absence of a valid claim for constructive discharge. The Court cannot determine the validity of Defendant's motion to dismiss on the remaining grounds because Plaintiff's Complaint does not indicate which allegations apply to which Plaintiff, nor does it specify when the alleged adverse employment actions taken against them occurred. Accordingly, the Court reserves judgment on this matter.

Plaintiffs are hereby ORDERED to amend their Complaint to clarify what specifically happened to each of them (during the applicable time period)[2] that could be seen as retaliatory actions taken against them for making a sexual harassment complaint. Accordingly, Plaintiffs have thirty (30) days from the entry of this Order to file an amended Complaint with the Court.

Let the Clerk send a copy of this Order to all parties of record.

It is so ORDERED.

      /s/ James R. Spencer
    UNITED STATES DISTRICT JUDGE

May 26, 2005
DATE

---

[2]The applicable time frame for each Plaintiff starts from the time she made her sexual harassment complaint known to Defendant until the time she left employment.